IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RUSSELL ALAN GREER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD;<br>ATTORNEY GENERAL OF<br>THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 12-68-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On April 26, 2012, Petitioner Russell Alan Greer moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Greer is a state prisoner proceeding pro se.

### I. Motion to Proceed In Forma Pauperis

Greer's motion to proceed in forma pauperis does not make the showing required by 28 U.S.C. § 1915(a). He paid the $5.00 filing fee, however, on June 1, 2012. The motion to proceed in forma pauperis is moot.

1

## II. Merits of the Petition

Greer pled guilty in Ravalli County in 2008 to charges of driving under the influence and failure to register as a sex offender. He was sentenced to serve "13 months w[ith] 5 yrs suspended w[ith] 5 yrs concurrent." Pet. (doc. 1) at 2-3 ¶¶ 1-5. At some point, a suspended term was revoked, and Greer was re-sentenced to prison. Before the revocation, he had spent 10 months on suspension, but he was not given credit for that time when he was resentenced. In effect, therefore, he is starting at least one of his five-year sentences over, rather than serving five years minus the ten months he spent on suspension. He seeks credit for those ten months. *Id.* at 6 ¶ 14A.

But neither federal nor state law entitles Greer to credit for that time. Federal law requires States to award credit for time served when a defendant has served time in prison on a conviction that is vacated and later re-imposed. *North Carolina v. Pearce*, 395 U.S. 711, 718-19 & n.13 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 795 (1989). That is not the situation here; Greer seeks credit for time spent on conditional release, not time spent in prison. And Montana law provides that the sentencing judge has discretion to "consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit." Mont. Code Ann. § 46-18-203(7)(b) (2007); *see also, e.g., State v. Senn*, 66 P.3d 288, 293 ¶ 29 (Mont. 2003).

Greer attaches to his petition a news article stating that Iowa prisoners are entitled to credit for time spent on home supervision because "Iowa law clearly requires" credit to be given. Montana does not have and is not required to have the same laws as Iowa.

Federal habeas relief is available to state prisoners only if they are in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because neither federal nor state law entitles Greer to the credit he seeks, his petition should be denied.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists could not disagree because neither federal nor state law requires that Greer receive credit against a prison sentence imposed after revocation of conditional release for time spent on release. A COA is not warranted.

3

Based on the foregoing, the Court enters the following:

## ORDER

Greer's motion to proceed in forma pauperis (doc. 2) is MOOT.

The Court also enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Greer may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Greer files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or

argument in objection to this Findings and Recommendation may preclude Greer from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 22nd day of June, 2012.

Jeremiah C. Lynch
United States Magistrate Judge